# Jefferson Loan and Building Association, Appellant, *v.* McHugh.

*Sheriff's sale—Agreement between purchaser and defendant in execution—Forfeiture—Contract.*

A. had an optional agreement for the purchase of land, which after being partly complied with was abrogated by the parties, and their rights under it were adjusted. She subsequently included this land in a mortgage of a large tract of land which she owned. *Held,* that the abrogation of the agreement ended all her right in the land, and that she had no equity which the mortgagee could enforce.

Argued Oct. 12, 1903. Appeal, No. 144, Oct. T., 1903, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1901, No. 325, on case tried by the court without a jury in suit of the Jefferson Loan and Building Association v. Henry McHugh. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Portage township. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant.

*Thomas H. Greevy,* with him *D. E. Dufton,* for appellant.

*Thomas J. Itell,* with him *John W. Kephart,* for appellee.

OPINION BY MR. JUSTICE FELL, March 7, 1904:

This was an equitable ejectment submitted to the decision of the court without a jury under the provisions of the act of 1874. The plaintiff's title was based on a sheriff's sale had under proceedings on a bond that accompanied a mortgage executed by Rose McGough at a time when she had no legal title to the land. She had made an assignment of all her property for the benefit of her creditors in 1884, and in 1885 her assignee sold the real estate assigned to John Itell. Three months after the sale, Itell entered into an agreement with her

by which she was given the privilege of purchasing the property on the payment of the price at which he had bought of the assignee and an amount that would cover the expenses incurred, and compensation for his services in connection with the property. This agreement was to become absolutely null and void unless fully complied with before June 1, 1888. In carrying it out, she found purchasers for parts of the real estate, subject to his approval, and he made conveyances of the parts sold on the receipt of the purchase money. By June 1, 1888, he had received in this way about one half of the amount he had paid the assignee and he subsequently received from sales which seem to have been made before the expiration of the time limit but not completed until after, an additional amount which made the total receipts from sales $56.00 more than he had paid at the assignee's sale. He had also conveyed to Rose McGough parts of the land without receiving any consideration therefor, retaining only sufficient to secure him in the event of her failure to complete the purchase.

While the transaction was in this form, the parties met in February, 1890, for the purpose of adjusting the account and determining their rights as to the remaining land. At that meeting it was found that Itell had received more than he had paid out, but he claimed an additional amount, to which he was entitled as compensation. This she refused to pay, and he gave her the $56.00 excess. It was found by the court that at that time the transaction was regarded by both parties as finally closed and ended, and that Rose McGough never afterward made any claim to the land retained. Four years after this, in 1894, Itell sold four lots for which this ejectment is brought, which were then unimproved and of little value, to the appellee, who went into possession and erected buildings on them. In 1892, Rose McGough mortgaged to the appellant a large tract of land, part of which she owned and to a part of which she had no title. The description in the mortgage followed that contained in a deed by which she had acquired title twenty years before, and the fact of the assignment of the land for the benefit of her creditors and the sale by the assignee in 1885 seems to have been overlooked.

The only standing of the appellant was on the supposed equity of Rose McGough growing out of the agreement of 1885.

The only right she ever had under this agreement was the option to purchase within a specified time, and admittedly the condition was not complied with. Whether under the circumstances the receipt by Itell of a payment after the stipulated time was a waiver of the right of forfeiture need not be considered, since the court has found that by mutual consent the parties to this agreement adjusted their rights under it, and the agreement was ended two years before the mortgage on which the appellant's title is founded was executed. After the settlement Rose McGough had no rights under the agreement, legal or equitable, and of course her mortgagee acquired none.

The judgment is affirmed.